UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
                                :
PHYLLIS T. MENCIS by her        :
guardian, BETH BACALL,          :
                                :
          Plaintiff,            :   Civil Action No.
                                :
                                :
          v.                    :        **COMPLAINT**
                                :
ESTATE OF STEVEN G. BACALL,     :
DECEASED, AND KERRI J. BACALL,  :
                                :
          Defendants.           :
                                :
_____

     Plaintiff, Phyllis T. Mencis by her guardian, Beth Bacall,

alleges as follows:

I.   Parties

     1.   Plaintiff, Phyllis T. Mencis ("Phyllis"), is an

incapacitated person who is a citizen and resident of Essex

County, New Jersey.   Her court-appointed guardian, Beth Bacall

("Beth"), is a citizen and resident of Mercer County, New

Jersey.

     2.   Defendant Estate of Steven G. Bacall (the "Estate") is

a citizen of Wayne County, Pennsylvania. Defendant Kerri J.

Bacall ("Kerri") is a citizen and resident of Wayne County,

Pennsylvania, and, upon information and belief, the personal

representative of the Estate.

1

## II. JURISDICTION AND VENUE.

1. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in this District.

## III. FACTUAL ALLEGATIONS.

1. Pursuant to a judgment entered May 14, 2026, in the Superior Court of New Jersey, Chancery Division, Essex County, plaintiff Phyllis T. Mencis ("Phyllis"), was declared an incapacitated person and her daughter, Beth Bacall ("Beth"), was appointed the guardian of the person and property of Phyllis. A true copy of that judgment is annexed hereto as Exhibit A.

2. Beth, as guardian, has the power under New Jersey law to initiate civil litigation to recover money claimed to be due Phyllis.

3. Steven G. Bacall ("Steven") was serving as agent of his mother, Phyllis, pursuant to a power of attorney, dated April 5, 2020 (the "power of attorney"), a true copy of which is annexed

2

hereto as Exhibit B.  However, his agency terminated upon the death of Steven on September 24, 2025.

4.  Steven used the power of attorney to sell Phyllis's home in Livingston, New Jersey on August 18, 2023, for a sale price of $450,000.

5.  Steven deposited the net sale proceeds to a joint bank account at Santander Bank in his and Phyllis's names.

6.  That account was originally in the sole name of Phyllis. However, Steven's name was added to that account in order to make it a joint account and so that he could have access to the funds in that account.

7.  Using the power of attorney, Steven also added his name to a checking account and a money market savings account in Phyllis's name at Santander Bank and the account became known and designated as "Phyllis T. Mencis, Steven G. Bacall ATTY IFF," also so that he could have access to the funds in those accounts.

8.  From time to time, Steven transferred money between the Santander joint account and the checking account and money market savings account and withdrew funds for his and/or his wife Kerri's sole benefit.

9.  Without Phyllis's authorization, in May and August of 2023, Steven caused a total of $55,000 in separate tranches of $25,000 and $30,000 to be withdrawn and paid to himself. And in

3

October of 2023 and March of 2024, Steven caused a total of $300,000 in separate tranches of $250,000 and $50,000, to be transferred from the Santander joint account, upon information and belief, to an account which he or his wife Kerri owned or controlled at Ameriprise Financial or some other institution. Upon information and belief, he also caused an additional sum of $100,000 to be withdrawn from the Santander joint account and, upon information and belief, deposited to that same Ameriprise Financial account or an account at some other institution, which account he or his wife Kerri owned or controlled.

10.    Those transactions were done without the authorization of Phyllis and solely for Steven's own benefit and the benefit of his wife, Kerri.

11.    Again without the authorization of Phyllis, Steven used over $400,000 of Phyllis's funds which, upon information and belief, he had deposited to the Ameriprise Financial account or an account at some other institution, which account he or his wife Kerri owned or controlled, to purchase properties in Damascus, Wayne County, Pennsylvania, which he caused to be titled in the name of his wife, Kerri.  True copies of the deeds, both dated June 24, 2024, reflecting that transaction are annexed hereto as Exhibit C.

4

12.  The properties have a residential home on them and are known as 172 Delaware Drive, Damascus, Wayne County, Pennsylvania 18415 (the "Damascus Home").

13.  In addition to his misappropriation of Phyllis's funds, in early June of 2023, Steven also caused to be sold shares of stock in New York Community Bank which were owned by Phyllis and held in a brokerage account with Ameriprise Financial, and he withdrew those funds for his and/or his wife Kerri's sole benefit.  That transaction was also directed by Steven without authorization from Phyllis.  A true copy of the Ameriprise Brokerage Account statement showing that transaction is annexed hereto as Exhibit D.

IV.  CAUSES OF ACTION

FIRST COUNT
(Violation of Fiduciary Duty)

14. Plaintiff repeats and incorporates herein all allegations of paragraphs 1 through 13 above.

15. Pursuant to New Jersey statute, namely, *N.J.S.A.* 46:2B-8.13, and common law, an agent pursuant to a power of attorney, such as Steven, owed a fiduciary duty to his principal, namely, Phyllis, to act within the powers delegated by the power of attorney instrument and solely for the Phyllis's benefit as the principal.

5

16. Steven violated his fiduciary duty to Phyllis by using in excess of $400,000 of her money for his and/or Kerri's own benefit, thereby causing Phyllis to suffer damages, including but not limited to, the loss of use of her money and legal fees and costs to pursue recovery of that money.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of plaintiff and against the defendants, jointly and severally, as follows:

A.  Compensatory damages;

B.  Punitive damages;

C.  Attorney's fees and litigation costs and expenses;

D.  Impressing a constructive trust on the Damascus Home;

E.  Compelling the personal representative of Steven's Estate to account pursuant to statutory and common law;

F.  For such other relief as the Court deems equitable and just.

## SECOND COUNT
### (Conversion)

17. Plaintiff repeats and incorporates herein all allegations of the previous paragraphs of this complaint.

18. Defendants converted to their own use and benefit funds belonging to Phyllis without her authorization.

19. The use of those funds by defendants for their own benefit constituted a repudiation of the right of Phyllis thereto.

6

20. As a result of such conversion, plaintiff sustained damages in excess of $400,000, including but not limited to, the loss of use of her money and legal fees and costs to pursue recovery of that money.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of plaintiff and against the defendants, jointly and severally, as follows:

A. Compensatory damages;

B. Punitive damages;

C. Attorney's fees and litigation costs and expenses;

D. Impressing a constructive trust on the Damascus Home;

E.  For such other relief as the Court deems equitable and just.

## THIRD COUNT
## (UNJUST ENRICHMENT)

21. Plaintiff repeats and incorporates herein all allegations of the previous paragraphs of this complaint.

22. The receipt and use of Phyllis's money without her authorization unjustly enriched defendants.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of plaintiff and against the defendants, jointly and severally, as follows:

A. Compensatory damages;

B. Attorney's fees and litigation costs and expenses;

7

C.    Impressing a constructive trust on the Damascus Home and other assets owned by the defendants or one of them;

D.    For such other relief as the Court deems equitable and just.

Mandelbaum Barrett, PC
Attorneys for Plaintiff


By:_____
Jacqueline Greenberg Vogt
PA Attorney ID # 67128
Mandelbaum Barrett, PC
3 Becker Farm Road
Roseland, New Jersey 07068
Tel. No. 973-736-4600
Direct tel. no. 973-243-7944
E-mail:jvogt@mblawfirm.com


Dated: July 13, 2026

8

# EXHIBIT A

**Filing Attorney Information or Pro Se Litigant:**

Name  Marlyn E. Quinn, Esq.

NJ Attorney ID Number  029761985

Law Firm/Agency Name

Address  475 Wall Street

Princeton, NJ 08540

Email Address  meqlaw@aol.com

Telephone Number  609-921-8181

---

*In the Matter of:*

Phyllis T. Mencis              ,

an Incapacitated Person

| |
|---|
| Superior Court of New Jersey |
| Chancery Division - Probate Part |
| Essex              County |
| Docket No.   CP-055-2026 |

**Civil Action**

**Judgment of Incapacity and Appointment of Guardian(s) of the Person and Estate**

---

**THIS MATTER** being opened to the Court by Beth Bacall              , plaintiff(s), by and through his/her attorney, Marlyn E. Quinn, Esq.              in the presence of waived              , the then alleged incapacitated person, and Allison J. Busch, Esq.              , attorney for the then alleged incapacitated person, and no demand having been made for a jury trial, and the Court sitting without a jury having found from the report of counsel together with the report of the examining physician or psychologist and other supporting document and proofs given that the then alleged incapacitated person is an incapacitated person who lacks sufficient capacity to govern himself/herself or to manage his/her affairs, and it further appearing that Beth Bacall              , consents to serve as Guardian(s) of the Person and Estate (Property) of the then alleged incapacitated person, and for good cause shown:

IT IS on this 14th day of May              , 20 26, *ORDERED AND ADJUDGED* that:

1. GUARDIANSHIP TYPE: Phyllis T. Mencis              is an incapacitated person and is unfit and unable to govern himself/herself and manage his/her affairs. This is a guardianship:

   As to the Person    ☑ General    ☐ Limited
   As to the Estate    ☑ General    ☐ Limited

   **Limited Guardianship:** The incapacitated person is able at this time to govern himself/herself and manage his/her own affairs with respect to the following areas:

   _____

   _____

   Check if applicable:
   ☐ The subject of this guardianship is incapacitated as a result of developmental disability.

   **Firearms:** Pursuant to 18 U.S.C. 922(g)(4), the incapacitated person does not retain the right to possess firearms.

2. GUARDIAN APPOINTMENT:

   | | | Name | |
   |---|---|---|---|
   | Name | Beth Bacall | Name | |
   | Address | 309 Trinity Court, Apt.7 | Address | |
   | | Princeton, NJ 08540 | | |
   | Phone | 908-313-8715 | Phone | |
   | E-mail | | E-mail | |

   be and hereby is/are appointed Guardian(s) of the Person and Estate of the incapacitated person and that Letters of Guardianship of the Person and Estate be issued upon his/her/their (a) qualifying according to law not later than

---

30 days after the date of this judgment, (b) acknowledging to the Surrogate completion of guardianship training and receipt of the guardianship training guides, (c) acknowledging compliance with any background screening policy for proposed guardians promulgated by the Administrative Director of the Courts, and (d) unless waived for extraordinary reasons, entering into a surety bond unto the Superior Court of New Jersey in the amount of $_____, which bond shall contain the conditions set forth in *N.J.S.A.* 3B:15-7 and *R.* 1:13-3. The court shall approve the bond as to form and sufficiency.

3.  Upon qualifying, the Surrogate shall issue Letters of Guardianship of the Person and Estate to the guardian(s), and thereupon the guardian(s) be and hereby is/are authorized to perform all the functions and duties of a Guardian of the Person and Estate as allowed by law, except as limited herein or in areas where the incapacitated person retains decision making rights.

4.  In exercising the authority conferred by this Judgment, the guardian(s) shall:

    - Ascertain and consider those characteristics of the incapacitated person which define his/her uniqueness and individuality, including but not limited to likes, dislikes, hopes, aspirations, and fears;

    - Encourage the incapacitated person to express preferences and participate in decision-making;

    - Give appropriate deference to the expressed wishes of the incapacitated person;

    - Protect the incapacitated person from injury, exploitation, undue influence, and abuse;

    - Promote the incapacitated person's right to privacy, dignity, respect, and self-determination; and

    - Make reasonable efforts to maximize opportunities and individual skills to enhance self-direction.

5.  GUARDIAN LIMITATIONS: **If applicable,** the authority of the guardian(s) is limited as follows, and all limitations shall be stated in the Letters of Guardianship.

    ☐ The Guardian(s) of the Estate may not alienate, mortgage, transfer or otherwise encumber or dispose of real property without court approval.

    ☐ The Guardian(s) of the Estate may not exercise authority over any property or income of the incapacitated person in excess of $_____ without court approval.

    ☑ Beth Bacall shall investigate and provide an (1) accounting and gather all assets belonging to Phyllis Mencis, and (2) valuing those assets; she shall provide the results of the accounting to the surrogate and the court within (60) sixty days of this order so that an appropriate bond can be set.

6.  The guardian(s) appointed hereunder shall be considered the personal representatives under the Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule") issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and shall have full and complete access to all records of the incapacitated person.

7.  The Guardian(s) shall have an ongoing duty to comply with any background screening policy promulgated by the Administrative Director of the Courts by disclosing any changes to their criminal or civil judgment history on the Report of Guardian Cover Page filed with the report(s) required in paragraphs 8-10 below.

8.  INVENTORY: The Guardian(s) shall file with the Court an inventory of all of the incapacitated person's property and income, along with a Report of Guardian Cover Page, within 90 days. Said inventory shall be available for inspection by any party in interest in this guardianship action, upon request to the Surrogate's Court to review the inventory.

9.  REPORTING AS TO PERSON:
    ☑ The Guardian(s) of the Person shall file annually a report of the well-being of the incapacitated person, along with a Report of Guardian Cover Page.

    **OR**

    ☐ The filing of a report of well-being is hereby waived for the reasons stated on the record.

10. REPORTING AS TO ESTATE (PROPERTY):
  ☐ The Guardian(s) of the Estate shall file annually, along with a Report of Guardian Cover Page:

   ☐ Formal accounting (presumptive if guardianship estate valued over $5,000,000);

   ☐ Comprehensive accounting (presumptive if guardianship estate valued $1,000,000 - $5,000,000);

   ☑ EZ accounting (presumptive if guardianship estate valued under $1,000,000); or

   ☐ Copy of the Social Security Representative Payee Report (presumptive if guardian is also representative payee for Social Security benefits and incapacitated person has no other assets or income, except where guardian is exempt from filing pursuant to 42 U.S.C. 405(j)(3)(D));

**OR**

  ☐ The filing of a Periodic Accounting is hereby waived for the reasons stated on the record.

If an informal accounting is ordered, said Periodic Accounting does not replace or satisfy the duty to file and bring on for approval a formal accounting as required by law or as ordered by the court.

11. The report(s) indicated in paragraphs 9 and/or 10 above is/are to be filed with the County Surrogate not later than fourteen (14) days after the anniversary date of this judgment. The report(s) shall be made available to any party in interest entitled to review pursuant to R. 1:38-3(e), as well as to the following parties or persons: _____, and the reference in this Judgment shall constitute a showing of a special interest as required by R. 1:38-3(e) for the purpose of reviewing such reports.

12. The Guardian(s) of the Person and Estate is/are hereby directed to advise the County Surrogate within ten (10) days of any changes in the address or telephone number of himself or herself or the incapacitated person or within thirty (30) days of the incapacitated person's death or of any major change in status or health. If the incapacitated person dies during the guardianship, the Guardian(s) will notify the Surrogate in writing and forward a copy of the death certificate upon receipt.

13. The Guardian(s) of the Person and Estate is/are agent(s) of the court and shall cooperate fully with any court staff, Surrogate staff, or volunteers until the guardianship is terminated by the death or return to capacity of the incapacitated person, or the Guardian's death, removal or discharge.

14. COUNSEL FOR INCAPACITATED PERSON:
  ☐ The court-appointed attorney for the incapacitated person, having reported to the court and advocated on behalf of the incapacitated person, is hereby discharged with the appreciation of the court for his or her *pro bono* services, with no further obligation to act as attorney for the incapacitated person.

  **OR**    *Reserved pending asset investigation*

  ☐ The court having reviewed the affidavit or certification of services of the court-appointed attorney for the incapacitated person, previously filed with the court, the Guardian of the Estate shall, within __30__ days of the date of this Judgment, pay the court-appointed attorney for the incapacitated person, a fee of $_____ for professional services rendered and $_____, for expenses incurred, which disbursements from the funds of the incapacitated person's estate are hereby approved. Court-appointed counsel, having reported to the court and advocated on behalf of the incapacitated person, be and hereby is discharged with no further obligation to act as attorney for the incapacitated person.

15. Any power of attorney previously executed by the incapacitated person be and hereby is revoked. Any advance directive for healthcare previously executed by the incapacitated person is voided as to proxy designation, but the guardian(s) shall consider the preferences expressed in such advance directive.

16. Plaintiff(s) shall serve a Judgment upon the Guardian(s) and all interested parties and attorneys of record within seven (7) days of receipt.

ARTHUR J. BATISTA,     J.S.C.

# EXHIBIT B



## Essex County Register Document Summary Sheet

| | Transaction Identification Number | 6803559 | 8295156 |
|---|---|---|---|

ESSEX COUNTY REGISTER OF DEEDS & MORTGAGES

HALL OF RECORDS - ROOM 130

465 DR. MARTIN LUTHER KING BLVD

NEWARK NJ 07102

**Recorded Document to be Returned by Submitter to:**

ACRES LAND TITLE AGENCY, INC.

55 ESSEX STREET

MILLBURN, NJ 07041

**Official Use Only**

JUAN M. RIVERA, JR
REG. OF DEEDS & MORTGAGES
ESSEX COUNTY
New Jersey

DOCUMENT TYPE
6
INSTRUMENT NUMBER
2023051783
RECORDED ON
Aug 28, 2023
9:27:06 AM
Total Pages: 7

NJ PRESERVATION ACCOUNT $25.00
REGISTER RECORDING FEE   $45.00
HOMELESSNESS TRUST FUND   $3.00
CODE BLUE EMERGENCY       $2.00
SHELTER SERVICES
TOTAL PAID               $75.00
INV: 665932 USER: JU

| | |
|---|---|
| Submission Date *(mm/dd/yyyy)* | 08/25/2023 |
| No. of Pages *(excluding Summary Sheet)* | 5 |
| Recording Fee *(excluding transfer tax)* | $75.00 |
| Realty Transfer Tax | $0.00 |
| Total Amount | $75.00 |
| Document Type | POWER OF ATTORNEY |
| Electronic Recordation Level | L2 – Level 2 (With Images) |

**Municipal Codes**

| | |
|---|---|
| ESSEX COUNTY | 99 |

738074

*Not Certified Copy*

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ESSEX COUNTY REGISTER FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

CBAE55BD-B807-254E-9F78-F1D8EC4F1FD0/6803559 8295156

## Essex County Register Document Summary Sheet

| POWER OF ATTORNEY | Type | POWER OF ATTORNEY | | | | |
|---|---|---|---|---|---|---|
| | Consideration | $1.00 | | | | |
| | Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) | | | | |
| | Document Date | 04/05/2020 | | | | |
| | Reference Info | | | | | |
| | Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date | |
| | | | | | | |
| | PRINCIPAL | Name | | | Address | |
| | | PHYLLIS MENCIS | | | | |
| | AGENT | Name | | | Address | |
| | | STEVEN BACALL | | | | |
| | Parcel Info | | | | | |
| | Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
| | | | | | | |

*Not Certified Copy*

*DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ESSEX COUNTY REGISTER FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

CBAE55BD-B807-254E-9F78-F1D8EC4F1FD0/6803559 8295156

ACRES LAND TITLE AGENCY, LLC
PO Box 700
Millburn, NJ 07041
Case No. 336685

# GENERAL DURABLE POWER OF ATTORNEY

## KNOW ALL PERSONS BY THESE PRESENTS:

That I, **PHYLLIS MENCIS** of 3304 Pointe Gate Drive, Town of Livingston,, of County of Essex, State of New Jersey , (referred to herein as "Principal"), hereby designate **STEVEN BACALL**, of 6 Arnet Place, Town of Cranford, County of Union, State of New Jersey , to be my Attorney-in-Fact and Agent (hereinafter, Agent.

1. **General Grant of Power.** My Agent shall be permitted to exercise or perform any act, power, duty, right or obligation whatsoever that I now have or may hereafter acquire relating to any person, matter, transaction or property, real or personal, tangible or intangible, now owned or hereafter acquired by me, including, without limitation, the following specifically enumerated powers. I grant to my Agent full power and authority to do everything necessary in exercising any of the powers herein granted as fully as I might or could do if personally present, with full power of substitution or revocation, hereby ratifying and confirming all that my Agent shall lawfully do or cause to be done by virtue of this power of attorney and the powers herein granted:

a. **Powers of Collection and Payment.** To forgive, request, demand due, recover, collect, receive, hold all such sums of money, debts, dues, commercial paper, checks, drafts, accounts, deposits, legacies, bequests, devises, notes, interests, stock certificates, bonds, dividends, certificates of deposit, annuities, pensions, profit sharing, retirement, social security, insurance and other contractual benefits and proceeds, all intangible and tangible property and property rights, and demands whatsoever, liquidated or unliquidated, now or hereafter owned by me, or due, owing, payable or belonging to me or in which I have or may hereafter acquire an interest; to have, use, and take all lawful means and equitable and legal remedies and proceedings in my name for the collection and recovery thereof, and to adjust, sell, compromise, and agree for the same, and to execute and deliver for me, on my behalf, and in my name, all endorsements, releases, receipts, or other sufficient discharges for the same.

b. **Power to Acquire and Sell.** To acquire, purchase, exchange, grant options to sell, and sell and convey real or personal property, tangible or intangible, or interests therein, on such terms and conditions as my agent shall deem proper.

Not Certified Copy

c.  **Management Powers.**   To maintain, repair, improve, invest, manage, insure, rent, lease, encumber, and in any manner deal with any real or personal property, tangible or intangible, or any interest therein, that I now own or may hereafter acquire, in my name and for my benefit, upon such terms and conditions as my agent shall deem proper;

d.  **Banking Powers.**  To conduct banking transactions, as set forth in Section Two (2) of Public Law 1991, Chapter 95 (C. 46:28-11), and to make, receive and endorse checks and drafts, deposit and withdraw funds, acquire and redeem certificates of deposit, in banks, savings and loan associations and other institutions, execute or release such deeds of trust or other security agreements as may be necessary or proper in the exercise of the rights and powers herein granted;

c.  **Power to Borrow and Give Security.**   To borrow from time to time such sums of money upon such terms as my agent shall deem appropriate for, or in relation to, any of the purposes or objects described herein, upon the security of any of my property whether real or personal, or otherwise, and for such purposes to give, execute, deliver and acknowledge mortgages with such powers and provisions as my agent may think proper, and also such notes or bonds as may be necessary or proper in connection therewith;

f.  **Motor Vehicles.**   To apply for a Certificate of Title upon, and endorse and transfer title thereto, for any automobile, truck, pickup, van, motorcycle or other motor vehicle, and to represent in such transfer assignment that the title to said motor vehicle is free and clear of all liens and encumbrances except those specifically set forth in such transfer assignment;

g..  **Business Interests.**  To conduct or participate in any lawful business of whatever nature for me and in my name; execute partnership agreements and amendments thereto; incorporate, reorganize, merge, consolidate, recapitalize, sell, liquidate or dissolve any business; elect or employ officers, directors and agents; carry out the provisions of any agreement for the sale of any business interest or stock therein, and exercise voting rights with respect to stock, either in person or by proxy, and exercise stock options;

Not Certified Copy

h. **Gifts and Tax Powers.** To make gifts to individuals, other than my Agent, and charities, to prepare, sign and file joint or separate income tax returns or declarations of estimated tax for any year or years; to prepare, sign and file gift tax returns with respect to gifts made by me for any year or years; to consent to any gift and to utilize any gift-splitting provision or other tax election, and to pay gift taxes, but only if in furtherance of my estate plan or of my desire to minimize death taxes; and to prepare, sign and file any claims for refund of any tax. The within Power to make gifts is intended to comply with the requirements of N.J. S. A., 46:2B-8.13a.;

i. **Safe Deposit Boxes.** To have access at any time or times to any safe deposit box rented by me, wheresoever located, and to remove all or any part of the contents thereof, and to surrender or relinquish said safe deposit box, and any institution in which any such safe deposit box may be located shall not incur any liability to me or my estate as a result of permitting my agent to exercise this power; and,

j. **Transfers to Revocable Trusts.** To transfer any or all assets of mine to any revocable Trust which I may have created during my lifetime.

2. **Disability of Principal.** The provisions of Section 2B-8, of Title 46 of the New Jersey Statutes Annotated authorize me to declare that this power of attorney shall not be affected by my disability as Principal, and I do hereby so declare, it being my intention that all powers conferred upon my Agent, or any substitute designated by me, shall remain at all times in full force and effect, notwithstanding any incapacity or disability I may suffer, or any uncertainty with regard thereto. If, for any reason, a guardianship or conservatorship proceeding is instituted regarding my capacity, I request that the Court appoint my Agent, designated herein, to be my guardian and/or conservator and to permit her to exercise, on my behalf, all of the powers set forth herein.

3. **Third-Party Reliance.** Third-parties may rely upon the representations of my Agent as to all matters relating to any power granted to my Agent, and no person who may act in reliance upon the representations of my Agent shall incur any liability to me or my estate as a result of permitting my Agent to exercise any power. Any third-party may rely on a duly executed counterpart of this instrument, or a copy certified by my Agent to be a true copy of the original hereof, as fully and completely as if such third party had received the original..

4. **Interpretation and Governing Law.** This instrument is to be construed and interpreted as a general durable power of attorney. The enumeration of specific powers herein is not intended to, nor does it, limit or restrict the general powers herein granted to my Agent. This instrument is executed and delivered in the State of New Jersey, and the laws of the State of New Jersey shall govern all questions as to the validity of this power and the construction of its provisions.

**IN WITNESS WHEREOF** I subscribe my name this 5th day of April, 2020.

_____
**PHYLLIS MENCIS**

WITNESS

By:_____
**IRA J LEVINE**

STATE OF NEW JERSEY )
                     ) ss.
COUNTY OF BERGEN     )

April

BE IT REMEMBERED, that on this 5th day of 2020, before me, the subscriber personally appeared, **PHYLLIS MENCIS** who, I am satisfied, is the person named in and who executed the foregoing Instrument, and thereupon she acknowledged that she signed, sealed and delivered the same as her voluntary act and deed, for the uses and purposes therein express

_____
**IRA J. LEVINE**
**AN ATTORNEY OF LAW OF NEW JERSEY**

Page 4 of 4

Not Certified Copy

### AFFIDAVIT OF NON-REVOCATION/NON-TERMINATION
### OF POWER OF ATTORNEY

STATE OF NEW JERSEY      )
                           ) SS:

COUNTY OF BERGEN      )

**STEVEN BACALL** , being of full age, and duly sworn according to law, deposes and says:

1.    I am the Attorney-in-Fact for **PHYLLIS MENCIS** hereinafter referred to as PRINCIPAL, by virtue of a certain Power of Attorney dated April 5, 2020, and (about to be) recorded _____, in the Office of the Clerk/Register's of Essex County, which Power of Attorney vests me with the authority to act for PRINCIPAL for all purposes set forth therein, including, without limitations, the execution and delivery of the document to which this Affidavit is attached. [The said Power of Attorney is a Durable Power of Attorney.]

2.    To the best of my knowledge and belief, the said Power of Attorney has not been revoked or terminated by an act of PRINCIPAL, or by the death, disability or incapacity of PRINCIPAL. PRINCIPAL has not been judicially declared to be incompetent.

3.    This Affidavit is made pursuant to the provisions of the statute cited above.

_____
**STEVEN BACALL**

Sworn and subscribed before me this
17th day of August, 2023

_____
NOTARY PUBLIC

JULISSA HENAO
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JANUARY 23, 2024

Not Certified Copy

# EXHIBIT C

WAYNE COUNTY RECORDER OF DEEDS
DEBORAH L. BATES, RECORDER
WAYNE COUNTY COURTHOUSE
925 COURT STREET
HONESDALE, PA 18431
570-253-5970 ext 4040



**WAYNE COUNTY, PA**
NORTHERN POCONO MOUNTAINS

Instrument Number - 202406601
Recorded On 7/24/2024 At 3:04:11 PM
* Instrument Type - DEED
Invoice Number - 11341
* Grantor - KORNBLUH, ABRAHAM
* Grantee - BACALL, KERRI J
* Recorded By - JBM
* Customer - SIMPLIFILE LC E-RECORDING

* Total Pages - 4

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $380.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ATJ/CJEA | $40.25 |
| RECORDING FEES - RECORDER OF DEEDS | $13.00 |
| RECORDER OF DEEDS IMP FUND | $3.00 |
| COUNTY IMPROVEMENT FUND | $2.00 |
| AFFORDABLE HOUSING | $13.00 |
| WAYNE HIGHLANDS SCHOOL | $190.00 |
| DAMASCUS TOWNSHIP | $190.00 |
| TOTAL PAID | $831.75 |

*RETURN DOCUMENT TO:
CLOSEPRO, LLC
1239 GOLDEN MILE RD STE 105
TOWANDA, PA 18848-9409

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
Of Wayne County, Pennsylvania



Deborah L. Bates
Recorder of Deeds

This is a certification page

# DO NOT DETACH

This page is now part

of this legal document.

\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.

0002JX



Book: **6472**   Starting Page: **592**

# Deed

This Deed is made this 24ᵗʰ day of June, 2024, by and between **ABRAHAM KORNBLUH, as Legal Title Holder, and DEBRA KORNBLUH,** his wife, conveying any interest she may possess at law or in equity, both adult, competent individuals whose mailing address is P.O. Box 564, Bergenfield, New Jersey 07621 (hereinafter referred to as the **"GRANTOR"**),

a
n
d

**KERRI J. BACALL,** an adult, competent individual whose address is 6 Arnest Place, Cranford, New Jersey 07016 (hereinafter referred to as the **"GRANTEE"**).

## W i t n e s s e t h

**WHEREAS,** in consideration of Thirty-Eight Thousand and 00/100 Dollars ($38,000.00), and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the **GRANTOR** does hereby grant, bargain, sell, alien, enfeoff, convey and confirm unto the **GRANTEE,** his/her heirs, successors and assigns, the following real property:

**ALL THAT CERTAIN** place, parcel or tract of land lying, situate and being in the Township of Damascus, County of Wayne and Commonwealth of Pennsylvania, more particularly described as follows, to wit:

**BEING** Lot 22 of the approved subdivision known as "Indian Rock Woodlands," according to final plan of said subdivision as surveyed by Alfred K. Bucconear, R.P.LS., on May 2, 1989, map of which is recorded in Wayne County Map Book 67, Page 72.

**TAX MAP NUMBER: 07-0-0031-0028**

**BEING** the same premises, which Barbara Wingel by Deed dated June 15, 2023 and recorded July 7, 2023 in the Office of the Recorder of Deeds in and for Wayne County, Pennsylvania, in Record Book 6340, Page 254, granted and conveyed unto Abraham Kornbluh.

**UNDER AND SUBJECT** to the same conditions, exceptions and reservations as are contained in the deeds forming the chain of title.

**SUBJECT** to the coal, oil, gas, mineral and mining rights as heretofore conveyed or reserved as shown in prior instruments of record.

NOTICE - THIS DOCUMENT MAY NOT/DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HA VE/HA VE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND, THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. {THIS NOTICE IS SET FORTH IN THE MANNER PROVIDED IN SECTION 1 OF THE ACT OF JULY 17, 1957, P.L. 984, AS AMENDED, AND IS NOT INTENDED AS NOTICE OF UNRECORDED INSTRUMENTS, IF ANY.}

The **GRANTOR** will specially warrant the property hereby conveyed.

*{Remainder of page left intentionally blank: signatures on the following page}*

**IN WITNESS WHEREOF**, the **GRANTOR** has caused its hand and seal to be affixed to this Deed upon the day and year first written above.

**GRANTOR:**

_____
**ABRAHAM KORNBLUH**

_____
**DEBRA KORNBLUH**

STATE of NEW YORK

~~COMMONWEALTH OF PENNSYLVANIA~~    :
                                     :    SS
COUNTY OF ~~WAYNE~~ Bronx    :

On this 24th day of June, 2024, before me, a notary public, the undersigned personally appeared, **ABRAHAM KORNBLUH as Legal Title Holder and DEBRA KORNBLUH**, his wife, conveying any interest she may possess at law or in equity, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

IRA TREUHAFT
NOTARY PUBLIC-STATE OF NEW YORK
No. 02TR6138010
Qualified in Bronx County
My Commission Expires December 27, 20__

_____
NOTARY PUBLIC

### CERTIFICATION OF GRANTEE'S ADDRESS

I hereby certify that the precise address of the **GRANTEE** is:

4 Garnet Pl. Cranford NJ 07016

_____
Attorney for **GRANTEE**

Agent



**WAYNE COUNTY, PA**
NORTHERN POCONO MOUNTAINS

WAYNE COUNTY RECORDER OF DEEDS
DEBORAH L. BATES, RECORDER
WAYNE COUNTY COURTHOUSE
925 COURT STREET
HONESDALE, PA 18431
570-253-5970 ext 4040

Instrument Number - 202406600
Recorded On 7/24/2024 At 3:04:10 PM
* Instrument Type - DEED
Invoice Number - 11341
* Grantor - LC INVESTMENTS PLAN
* Grantee - BACALL, KERRI J
* Recorded By - JBM
* Customer - SIMPLIFILE LC E-RECORDING

* Total Pages - 4

* FEES

| | |
|---|---|
| STATE TRANSFER TAX | $3,760.00 |
| STATE WRIT TAX | $0.50 |
| JCS/ATJ/CJEA | $40.25 |
| RECORDING FEES - RECORDER OF DEEDS | $13.00 |
| RECORDER OF DEEDS IMP FUND | $3.00 |
| COUNTY IMPROVEMENT FUND | $2.00 |
| AFFORDABLE HOUSING | $13.00 |
| WAYNE HIGHLANDS SCHOOL | $1,880.00 |
| DAMASCUS TOWNSHIP | $1,880.00 |
| TOTAL PAID | $7,591.75 |

*RETURN DOCUMENT TO:
CLOSEPRO, LLC
1239 GOLDEN MILE RD STE 105
TOWANDA, PA 18848-9409

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
Of Wayne County, Pennsylvania



Deborah L. Bates
Recorder of Deeds

This is a certification page

# DO NOT DETACH

This page is now part

of this legal document.

\* - Information denoted by an asterisk may change during
the verification process and may not be reflected on this page.


0002JW

Book: **6472**   Starting Page: **588**

# Deed

This Deed is made this ₂Y ͪ day of June 2024, by and between **LC INVESTMENTS PLAN**, by and through its authorized Trustee, Abraham Y. Kornbluh, whose mailing address P.O. 564, Bergenfield, New Jersey 07621 (hereinafter referred to as the **"GRANTOR"**),

a
n
d

**KERRI J. BACALL**, an adult, competent individual whose address is 6 Arnet Place, Cranford, New Jersey 07016(hereinafter referred to as **"GRANTEE"**).

## W i t n e s s e t h

**WHEREAS**, in consideration of Three Hundred Seventy-Six Thousand and 00/100 Dollars ($376,000.00), and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the **GRANTOR** does hereby grant, bargain, sell, alien, enfeoff, convey and confirm unto the **GRANTEE**, his/her heirs, successors and assigns, the following real property:

**ALL** that certain piece or parcel of land situate, lying and being in the Township of Damascus, County of Wyne and Commonwealth of Pennsylvania, more particularly described as follows, to wit:

**BEING** Lot No. 15 of the approved subdivision known as "Indian Rock Woodlands" according to final plan of said subdivision as surveyed by Aldred K. Bucconear, R.P.L.S., on May 2, 1989, map of which is recorded in Wayne County, Map Book 67 at Page 72.

**UNDER AND SUBJECT** to the Declaration of Restrictive and Protective Covenants for Indian Rock Woodlands, as it appears in Wayne County Record Book 685,

page 72.

**PIN NO. 07-0-0031-0021**

**BEING** the same premises which Raymond P. Manfra and Barbara A. Manfra, husband and wife, by Deed dated July 22, 2022 and recorded July 28, 2022 in the Office of the Recorder of Deeds in and for the County of Wayne, Pennsylvania, in Record Book 6182, Page 191, granted and conveyed unto LC Investments Plan.

**UNDER AND SUBJECT** to the same conditions, exceptions and reservations as are contained in the deeds forming the chain of title.

NOTICE - THIS DOCUMENT MAY NOT/DOES NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HA VE/HA VE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND, THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. {THIS NOTICE IS SET FORTH IN THE MANNER PROVIDED IN SECTION 1 OF THE ACT OF JULY 17, 1957, P.L. 984, AS AMENDED, AND IS NOT INTENDED AS NOTICE OF UNRECORDED INSTRUMENTS, IF ANY.}

Hazardous wase is not being disposed of nor has it ever been disposed of on the property conveyed herein by the Grantor or to the actual knowledge of the Grantor.

The **GRANTOR** will specially warrant the property hereby conveyed.

*{Remainder of page left intentionally blank; signatures on the following page}*

**IN WITNESS WHEREOF,** the **GRANTOR** has caused its hand and seal to be affixed to this Deed upon the day and year first written above.

GRANTOR:

**LC INVESTMENTS PLAN**

BY: _____

**ABRAHAM Y. KORNBLUH,
TRUSTEE**

STATE oF N ew York

~~COMMONWEALTH OF PENNSYLVANIA~~    :

   :   SS

**COUNTY OF** ~~WAYNE~~ BRONX    :

On this 24ᵗʰ day of June 2024, before me, a notary public, the undersigned personally appeared, **ABRAHAM Y. KORNBLUH,** who being duly sworn according to law, deposes and says that he is the authorized **Trustee** of **LC INVESTMENTS PLAN,** a 401(K) Profit-Sharing Plan, and, as such and being authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of said Trust.

**IN WITNESS WHEREOF,** I hereunto set my hand and official seal.

IRA TREUHAFT
NOTARY PUBLIC-STATE OF NEW YORK
No. 02TR6138610
Qualified In Bronx County
My Commission Expires December 27, 2024

_____
NOTARY PUBLIC

## CERTIFICATION OF GRANTEE'S ADDRESS

I hereby certify that the precise address of the **GRANTEE** is:

6 Arnet Place
Cranford NJ 07016

_____
Attorney for **GRANTEE**
Agent

# EXHIBIT D

031075

# Ameriprise Brokerage Account

Account #: 0000 8983 3835 5 133

PHYLLIS MENCIS

**Investment time frame:** 8-10 years; **Risk tolerance:** Moderate; **Investment objective:** Growth; **Liquidity needs:** 7+ Years
See the Disclosures at the end of your statement for definitions of these suitability terms.

## Value of your account

| | This period | This year |
|---|---|---|
| Beginning value | $0.00 | $0.00 |
| **Deposits** | | |
| Other deposits | $8,974.49 | $8,974.49 |
| **Withdrawals** | | |
| Cash withdrawal | -$8,867.92 | -$8,867.92 |
| Change in value | -$106.57 | -$106.57 |
| **Ending value** | **$0.00** | **$0.00** |

## Welcome!

Once your account has a little more history, you'll begin to see a simple chart here that tracks how much your accounts are worth, and how much you've deposited and withdrawn over time.
In the meantime, you can visit our secure site at ameriprise.com anytime to check the up-to-date values of your accounts.

## Your account activity

| Date | Transaction | Description | Symbol/CUSIP | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| **Deposits** | | | | | | |
| **Other deposits** | | | | | | |
| 06/02/2023 | RECEIVED | NEW YORK COMMUNITY BANCORP INC | NYCB | 808.000 | | $8,710.24 |
| 06/05/2023 | RECEIVED | NEW YORK COMMUNITY BANCORP INC | NYCB | 25.000 | | $264.25 |
| **Total Other deposits** | | | | | | **$8,974.49** |
| **Withdrawals** | | | | | | |
| **Cash withdrawals** | | | | | | |
| 06/08/2023 | CHECK ISSUED | CHECK ISSUED MAIL CHK ISS #CS08671656 | | | | -$8,867.92 |
| **Trade activity** | | | | | | |
| **Securities sold** | | | | | | |
| 06/06/2023 | SALE | NEW YORK COMMUNITY BANCORP INC | NYCB | -833.000 | $10.7431 | $8,867.92 |

## Additional information about your account

Cash sweep options allow you to manage cash awaiting investment. For long term cash holdings, other product solutions may be more appropriate and also have the potential to provide a higher return than your cash sweep option.